KEVIN K. CHOLAKIAN, ESQ. (S.B. #103423)
CHOLAKIAN & ASSOCIATES
A Professional Corporation
400 Oyster Point Blvd., Suite 415
So. San Francisco, California 94080
Telephone: (650) 871-9544
Facsimile: (650) 871-9522
kcholakian@cholakian.net

Attorneys for Plaintiff
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

FILED
2010 JAN -5  P 2:25
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CA - SAN JOSE

E-filing

ADR

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACE AMERICAN INSURANCE COMPANY; ACE PROPERTY AND CASUALTY INSURANCE COMPANY; FIRST SPECIALTY INSURANCE CORPORATION; and DOES 1-25 inclusive,<br><br>Defendants. | Case No. C10 00027 HRL<br><br>**COMPLAINT FOR EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION, EQUITABLE INDEMNITY AND DECLARATORY JUDGMENT** |

Plaintiff Nationwide Mutual Fire Insurance Company ("Nationwide Fire") alleges as follows:

## I. NATURE OF ACTION

1. Nationwide Fire seeks recovery under equitable subrogation, equitable contribution and equitable indemnity for sums that it paid to settle an action originally filed against its insured that Nationwide Fire contends should have been paid in full or in part by other insurers. Nationwide Fire also seeks declaratory judgment pursuant to 28 U.S.C. Section

2201 and Federal Rules of Civil Procedure Rule 57, finding that the other insurers are obligated to reimburse Nationwide Fire for the amounts that Nationwide Fire paid in settlement.

## II.   PARTIES AND NON-PARTIES

2. Plaintiff Nationwide Fire is an Ohio corporation with its principal place of business in Columbus, Ohio.

3. Nationwide Fire is informed and believes, and on that basis alleges, that Defendants ACE American Insurance Company and ACE Property and Casualty Insurance Company (collectively "ACE") are Pennsylvania corporations, with their principal place of business in the State of Pennsylvania.

4. Nationwide Fire is informed and believes, and on that basis alleges, that First Specialty Insurance Corporation ("First Specialty") is a Missouri corporation, with its principal place of business in Overland Park, Kansas.

5. Nationwide Fire is unaware of the true names and capacities of the Defendants sued as Does 1 through 25, inclusive, and sues these Defendants by fictitious names. Nationwide Fire will amend this Complaint to alleged the true names and capacities of Does 1 through 25, inclusive, and each of them, when ascertained. Nationwide Fire is informed and believes, and on that basis alleges, that each of the Defendants sued here, including Does 1 through 25 inclusive, is in some manner responsible for, or is a party to, the events and disputes referred to in this Complaint. Each reference in this Complaint to "Defendant" or "Defendants" refers to the Defendants named here and also to all Defendants sued under such fictitious names.

6. Nationwide Fire is informed and believes, and on that basis alleges, that Kristen Mansheim ("Mansheim") resides in, and is a citizen of the State of California.

7. Nationwide Fire is informed and believes, and on that basis alleges, that Catherine Casey ("Casey") resides in, and is a citizen of the State of California.

8. Nationwide Fire is informed and believes, and on that basis alleges, that Tamiko

Carrillo ("Carrillo") resides in, and is a citizen of the State of California.

## III. JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action based upon the diversity of citizenship pursuant to 28 U.S.C. Section 1332, and that this is a civil action in which the matter in controversy exceeds the sum or $75,000, exclusive of interest and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(a) because jurisdiction is based upon diversity of citizenship and a substantial part of the events that give rise to the claims here occurred in or around the city of San Jose in Santa Clara County, California.

## IV. GENERAL ALLEGATIONS

11. This action arises from a complaint for damages originally filed by Carrillo under the pseudonym L. DOE in the Santa Clara County Superior Court in the State of California, Case Number CV 03- 817594, against Mansheim, Casey, and their business entities Principal Psychology and Mansheim and Casey ("Underlying Action"). The Underlying Action was filed on or about June 3, 2003, and asserted causes of action for professional negligence and negligence, amongst several other causes of action, against Mansheim and Casey and their business entities.

12. In the Underlying Action, Carrillo alleged that Mansheim was a certified alcohol and drug counselor and Casey a marriage and family therapist intern, and they operated the business entities Principal Psychology and Mansheim and Casey. Carrillo further alleged that Mansheim and Casey and the business entities interacted with her in both a professional and non professional capacity. Further, the alleged negligence of Mansheim and Casey and the business entities in both their professional and non professional capacities harmed Carrillo. The alleged harm included the need for past and future medical treatment, past and future lost wages, and general damages for physical and mental pain and suffering and emotional distress. The negligent acts of Mansheim and Casey and the business entities were alleged to have

commenced in the spring of 1997 and continued through September 2002.

13. Nationwide Fire insured Casey under a condominium policy, Policy Number 72 04 UO 150102, which provided property coverage and liability coverage in the amount of $300,000.

14. Nationwide Fire is informed and believes that ACE insured Mansheim under an Allied Health Professional Liability Insurance Policy, which was in effect over part of the period of time of the alleged negligent acts asserted in the Underlying Action.

15. Further, Nationwide Fire is informed and believes that the ACE policy issued to Mansheim provided coverage for professional liability resulting from a professional incident, personal injury liability coverage, and supplemental general liability coverage.

16. Nationwide Fire is informed and believes that First Specialty insured Mansheim under a general liability policy, which was in effect over part of the period of time of the alleged negligent acts asserted in the Underlying Action.

17. Nationwide Fire is informed and believes that First Specialty insured Casey under a general liability policy, which was in effect over part of the period of time of the alleged negligent acts asserted in the Underlying Action.

18. On or around October 9, 2003, Nationwide Fire was tendered the Underlying Action by Jesse Ruiz, then counsel for Casey.

19. On or around January 2, 2004, Nationwide Fire denied any duty to defend or indemnify Casey for the Underlying Action.

20. Nationwide Fire is informed and believes and on that basis alleges, that the Underlying Action was tendered to ACE on or about July 30, 2003 by Jesse Ruiz on behalf of Mansheim.

21. Nationwide Fire is informed and believes and on that basis alleges, that ACE acknowledged receipt of the tender of the Underlying Action on behalf of Mansheim, but neither accepted nor denied the tender.

22. Nationwide Fire is informed and believes and on that basis alleges, that on or about July 31, 2003, the Underlying Action was tendered to the agent for First Specialty by Jesse Ruiz on behalf of Mansheim.

23. Nationwide Fire is informed and believes and on that basis alleges, that on or about August 21, 2003, First Specialty, through its counsel Soltman Levitt & Flaherty LLP, denied any obligation to defend or indemnify Mansheim based on the allegations in the Underlying Action.

24. Nationwide Fire is informed and believes and on that basis alleges, that on or about July 31, 2003, the agent for First Specialty was tendered the Underlying Action by Jesse Ruiz on behalf of Casey.

25. Nationwide Fire is informed and believes and on that basis alleges, that First Specialty never formally accepted or denied the tender of the Underlying Action for Casey.

26. On or about January 27, 2004, Mansheim filed a voluntary petition for bankruptcy under Chapter 7 of the bankruptcy code in the United States Bankruptcy Court, Northern District of California, San Jose Division, assigned Case Number CV 04- 50514.

27. Nationwide Fire is informed and believes and on that basis alleges, that the claim of Carrillo from the Underlying Action was listed in Mansheim's bankruptcy petition as one of her unsecured creditors.

28. On or about April 26, 2004, Mansheim's Chapter 7 bankruptcy case was discharged.

29. On or about November 29, 2005, the Underlying Action proceeded to trial. Nationwide Fire is informed and believes and on that basis alleges, that Carrillo believed that Mansheim's bankruptcy and discharge prevented Carrillo from recovering directly from Mansheim.

30. Nationwide Fire is informed and believes and on that basis alleges, that in advance of the trial, Casey assigned her rights to proceed against her insurers to Carrillo in

return for a covenant not to execute any judgment against Casey's assets.

31. On or about January 9, 2006, a judgment after trial was filed with the Santa Clara County Superior Court after the trial of the Underlying Action. The judgment was signed January 5, 2006, and awarded damages to Carrillo in the amount of $1,423,800 based on the alleged negligence of Casey and the two business entities, Principle Psychology and Mansheim and Casey. Interest on the judgment was to accrue at the rate of 10 per cent per annum from the date the judgment was entered ("Underlying Judgment").

32. Nationwide Fire is informed and believes and on that basis alleges, that no notice of the Underlying Judgment was served by either Carrillo or the Court. No notice of the Underlying Judgment was ever provided to Nationwide Fire.

33. On or about January 3, 2007, a complaint was filed by Carrillo against Nationwide Fire in Santa Clara County Superior Court, State of California, and assigned case number CV 07 - 77508, asserting claims for breach of contract, recovery of judgment under California Insurance Code Section 11580, breach of the implied covenant of good faith and fair dealing, and negligence ("Judgment Creditor Action").

34. On or about April 9, 2007, Nationwide Fire removed the Judgment Creditor Action to the federal district court, Northern District Court of California, San Jose Division, where it was assigned case no. CV 07- 1979.

35. On October 5, 2009, Carrillo and Nationwide Fire settled the Judgment Creditor Action and Nationwide Fire paid Carrillo $1,750,000. As part of the settlement, Carrillo assigned to Nationwide Fire her rights to recover against the other insurers.

**First Claim for Relief for Equitable Subrogation**

**(Against ACE and First Specialty and Does 1 through 10)**

36. Nationwide Fire alleges and incorporates by reference the allegations in paragraphs 1 through 35.

37. Nationwide Fire contends that Casey suffered a loss by virtue of the Underlying

Action and Underlying Judgment for which Mansheim was the true wrongdoer.

38. Nationwide Fire has since satisfied the Underlying Judgment by virtue of its settlement with Carrillo and the payment of $1,750,000.

39. Nationwide Fire did not act as a volunteer in settling with Carrillo, and Nationwide Fire was forced to settle with Carrillo due to the failure of ACE and First Specialty, and Does 1 through 10, to defend and indemnify Mansheim in the Underlying Action and to pay the Underlying Judgment.

40. Casey has an assignable cause of action against Mansheim and ACE and First Specialty and Does 1 through 10, which Casey could have asserted on her own behalf.

41. Nationwide Fire has suffered damage by its settlement with Carrillo for $1,750,000 and those damages should rightfully have been paid by ACE and/or First Specialty and/or Does 1 through 10.

42. Justice requires that the loss be entirely shifted from Nationwide Fire to ACE and/or First Specialty and/or Does 1 through 10, whose equitable positions are inferior to Nationwide Fire's because their policies required them to defend and indemnify Mansheim for the Underlying Action and to pay the Underlying Judgment, notwithstanding Mansheim's bankruptcy, and as Mansheim was the real wrongdoer.

43. The amount paid by Nationwide Fire to settle the action with Carrillo was a set sum of $1,750,000, and the payment was reasonable and not voluntary.

### Second Claim for Relief for Equitable Contribution
### (Against First Specialty and Does 11 though 20)

44. Nationwide Fire alleges and incorporates by reference the allegations in paragraphs 1-43.

45. Both the Nationwide Fire policy and the policies issued by First Specialty and Does 11 through 20 insured Casey and provided coverage for the Underlying Action.

46. Nationwide Fire settled with Carrillo based on her claims against Casey as set

1 forth in the Underlying Action and based on the Underlying Judgment of $1,423,800.

47. Nationwide Fire paid the entire settlement of $1,750,000 with Carrillo because First Specialty and Does 11 through 20 failed to defend or indemnify Casey.

48. Nationwide Fire settled the action with Carrillo based on the Underlying Action and Underlying Judgment against Casey not as a volunteer.

49. First Specialty and/or Does 11 through 20 should be required to reimburse Nationwide Fire for the amount Nationwide Fire paid to Carrillo, in a sum to be determined at trial.

### Third Claim for Relief for Equitable Indemnity

### (Against ACE and First Specialty and Does 1 through 20)

50. Nationwide Fire alleges and incorporates by reference the allegations in paragraphs 1 through 49.

51. Nationwide Fire paid $1,750,000 to settle with Carrillo based on the allegations of harm from the Underlying Action and based on the Underlying Judgment for $1,423,800. Nationwide Fire contends that ACE and First Specialty and Does 1 through 10 by virtue of their policies with Mansheim were obligated to defend Mansheim in the Underlying Action and to pay the Underlying Judgment of $1,423,800. Nationwide Fire contends that ACE, First Specialty and Does 1 through 10 failed to fulfill their duty to Mansheim and this failure forced Nationwide Fire to pay the full settlement with Carrillo.

52. Nationwide Fire contends that First Specialty and Does 11 through 20, by virtue of their policies with Casey, had a duty to defend Casey in the Underlying Action and to satisfy the Underlying Judgment. Nationwide Fire further contends that First Specialty and Does 11 through 20 failed to fulfill their duty forcing Nationwide Fire to pay the entire settlement with Carrillo.

53. Nationwide Fire alleges that under the doctrine of equitable indemnity that it is entitled to reimbursement in full or in part of the $1,750,000 that it paid in settlement from

158 614

8

COMPLAINT FOR EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION, EQUITABLE INDEMNITY AND DECLARATORY JUDGMENT

1 | ACE, and/or First Specialty and/or Does 1 through 20.

## Fourth Claim for Relief for Declaratory Judgment

### (Against ACE, First Specialty and Does 1 through 20)

54. Nationwide Fire alleges and incorporates by reference the allegations of paragraphs 1 through 53.

55. This is an action by Nationwide Fire for a declaratory judgment pursuant to 28 U.S.C. section 2201 and Federal Rules of Civil Procedure Rule 57. An actual controversy exists amongst Nationwide Fire and ACE, First Specialty and Does 1 through 20, regarding their respective rights and obligations under the policies of insurance entered into with Mansheim and/or Casey.

56. A declaration is necessary and proper at this time so that the parties' dispute may be resolved.

57. Nationwide Fire seeks a judicial determination that (a) under the ACE and/or First Specialty and/or Does 1 through 10 policies issued to Mansheim, ACE and/or First Specialty and/or Does 1 through 10 owed a duty to defend and indemnify Mansheim for the Underlying Action and are responsible for the Underlying Judgment, and Nationwide Fire is entitled to recover what it paid in settlement from ACE and/or First Specialty and/or Does 1 through 10 under the doctrine of equitable subrogation, (b) under the First Specialty and/or Does 11 through 20 polices issued to Casey, First Specialty and/or Does 11 through 20 owed a duty to defend and indemnify Casey for the Underlying Action and to pay the Underlying Judgment, and Nationwide Fire is entitled to recover from First Specialty and/or Does 11 through 20 what it paid in settlement based on the coverage provided under the First Specialty and/or Does 11 through 20 policies under the doctrine of equitable contribution, and (c) under the ACE and/or First Specialty and/or Does 1 through 20 policies issued to Mansheim and/or Casey, each insurer owed a duty to defend and indemnify Mansheim and/or Casey from the Underlying Action and to pay the Underlying Judgment, and Nationwide Fire is entitled to

recover what it paid in settlement from ACE and/or First Specialty and/or Does 1 through 20, under equitable indemnity.

## V. PRAYER

WHEREFORE, Nationwide Fire prays for judgment against ACE and First Specialty and Does 1 through 20, inclusive, and each of them, as follows:

### FOR THE FIRST CAUSE OF ACTION FOR EQUITABLE SUBROGATION

1) For reimbursement by ACE and/or First Specialty and/or Does 1 through 10, of the $1,750,000 paid by Nationwide Fire in settlement with Carrillo of the Judgment Creditor Action;

2) For prejudgment interest thereon;

### FOR THE SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION

1) For reimbursement by First Specialty and/or Does 11 through 20, of their share of the $1,750,000 paid by Nationwide Fire in settlement with Carrillo of the Judgment Creditor Action;

2) For prejudgment interest thereon;

### FOR THE THIRD CAUSE OF ACTION FOR EQUITABLE INDEMNITY

3) For reimbursement by ACE and/or First Specialty and/or Does 1 through 20, of the $1,750,000 paid by Nationwide Fire in settlement with Carrillo of the Judgment Creditor Action;

4) For prejudgment interest thereon;

### FOR THE FOURTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT

5) For a declaratory judgment setting forth Nationwide Fire's respective rights to recover the amount it paid in settlement with Carrillo of the Judgment Creditor Action from ACE, First Specialty, and Does 1 through 20, in accordance with Nationwide Fire's contentions as set forth above, plus prejudgment interest;

///

**AS TO ALL CAUSES OF ACTION**

6) For Nationwide Fire's costs of suit incurred herein; and

7) For such other and further relief the Court may deem just and proper.

Date: December 30, 2009

CHOLAKIAN & ASSOCIATES
A Professional Corporation

By _____
Kevin K. Cholakian, Esq.
Attorneys for Plaintiff NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

158 614